UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **RICHARD DONALDSON, et al**  *Plaintiffs*,  v.  **PRIMARY RESIDENTIAL MORTGAGE, INC.**  *Defendant*. | Civil Action No.: 1:19-cv-01175-ELH |

**MEMORANDUM OF LAW SUPPORTING PLAINTIFFS' MOTION TO STRIKE DEFENDANT PRIMARY RESIDENTIAL MORTGAGE INC.'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Richard Donaldson and Walter and Dawn Sperl, by and through undersigned counsel, file this Memorandum of Law in Support of Plaintiff's Motion to Strike Defendant Primary Residential Mortgage Inc.'s Response to Plaintiff's Notice of Supplemental Authority.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 9, 2019, Plaintiffs filed a Notice of Supplemental Authority ("Notice") drawing the Court's attention to the memorandum opinion of the Hon. Peter Messitte in *Somerville v. West Town Bank & Trust,* No PJM 19-0490, 2019 U.S. Dist. LEXIS 200991 (D. Md. Nov. 19, 2019), and stating that Judge Messitte had denied the "dismissal of RESPA and RICO claims arising from a lender's participation in the All Star Scheme alleged in this case." Pls. Notice of Supplemental Authority, ECF Dckt. No. 14. Based on the supplemental authority, Plaintiffs withdrew their Sherman Act claims. The Notice is three sentences and presents no argument. *Id.*

On December 12, 2019, Defendant Primary Residential Mortgage Inc. ("Primary Residential") files a pleading styled a "Response to Plaintiffs' Notice of Supplemental Authority" ("Response"). ECF Dckt. No. 15. In the "Response," Primary Residential spends four pages rehashing and restating each argument for dismissal asserted in Primary Residential's briefing on its pending motion to dismiss. *Compare* ECF Dckt. No. 15 *and* ECF Dckt, Nos. 9, 13. Primary Residential did not dispute that *Somerville* and this case both arise from the All Star Scheme or the cases involve identical causes of action (including for fraudulent concealment tolling). Primary Residential attaches to the Response the *Somerville* defendant's motion to dismiss and supporting memorandum but chose to omit the *Somerville* plaintiffs' opposition or defendant's reply.

## ARGUMENT

**I.   Primary Residential's Response is an improper surreply that should be struck because Primary Residential chose to file it without seeking leave of Court.**

The purpose of a Notice of Supplemental Authority is "to alert the Court to a decision of another court issued after the close of the briefing period." *Ashghari-Kamrani v. United Servs. Auto. Ass'n*, No. 2:15-cv-478, 2016 U.S. Dist. LEXIS 187869, at *5 (E.D. Va. Mar. 18, 2016). The Notice is not a motion to which a response or reply is necessary or permitted. Fed. R. Civ. P. 7(b). (defining a motion as a request for a court order).

Defendant's Response is a surreply presenting duplicative and additional argument in support of its motion to dismiss. Surreplies may not be filed without leave of Court. L.R. 105.2(a) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). Primary Residential chose to file its Response without either seeking or receiving leave of Court; therefore, it should be struck. *Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013) (granting motion to strike surreply filed without leave of court); *Stoyanov v.*

*Winter*, Civil Action No. RDB 05-1567, 2006 U.S. Dist. LEXIS 100491, at *51 (D. Md. July 25, 2006) (granting motion to strike because filing party did not request leave to file).

### II.     The Response should be struck because the Notice does not justify a surreply.

Surreplies are disfavored and the party seeking a surreply must establish a basis for it. *Chubb*, 919 F. Supp. 2d at 679. A notice of supplemental authority does not justify a surreply from any party. *Sisk v. Abbott Labs.*, No. 1:11cv159, 2012 U.S. Dist. LEXIS 49219, at *1-3 (W.D.N.C. Apr. 9, 2012) ( "[t]he routine submission of a recent unpublished district court decision from [another court] does not open the door to the submission of new briefs on the Motion to Dismiss."). This is particularly true where, as here, the Notice presented no argument. Plaintiffs carefully limited the Notice to drawing the Court's attention to the *Somerville* opinion and withdrawing Plaintiffs' Sherman Act claims. These circumstances do not justify any surreply. *Todd v. XOOM Energy Md., LLC*, No. GJH-15-154, 2016 U.S. Dist. LEXIS 22211, at *13-14 (D. Md. Feb. 22, 2016)("The Notice—which only provides the Court with a citation to a case decided after Defendants filed their reply memorandum and which was unaccompanied by any argument—is not the sort of 'new' legal issue that requires response in a surreply.").

### III.    The West Town Bank & Trust filing Primary Residential attached to the Response should be struck because it is not necessary for the Court to apply *Somerville*.

While a memorandum opinion of another court has persuasive authority, a pleading from another case "has no authoritative value here". *United States v. Lovely*, No. 1:18CV102, 2019 U.S. Dist. LEXIS 44060, at *11 (M.D.N.C. Mar. 18, 2019). Therefore, while Judge Messitte's memorandum opinion in S*omerville* is persuasive authority in this case, the *Somerville* defendant's motion to dismiss and supporting memorandum Primary Residential attached to the response is not and should be struck. *Id., accord, Fid. & Guar. Life Ins. Co. v. Sharma*, Civil Action No. RDB-

17-1508, 2019 U.S. Dist. LEXIS 54727, at *40 (D. Md. Mar. 29, 2019) (granting motion to strike defendants attempt to supplement with filings from bankruptcy proceedings).

Alternatively, if the *Somerville* defendant's motion and memorandum are considered by this Court, then fairness dictates that the remaining briefing – i.e., the *Somerville* plaintiffs' opposition and defendant's reply – should also be considered. This would be enlightening because many of the issues that Primary Residential claims in the Response were "not made" in *Somerville* are addressed in the *Somerville* plaintiff's filings Primary Residential chose to omit.

For example, Primary Residential claims that the *Somerville* defendant, West Town Bank & Trust, did not raise a "comarketing" defense or raise the affirmative defense of RESPA's safe harbor, 12 USC §2607(c)(2) such that the issue was "not adjudicated in *Somerville*." Response at 3.  But in opposing the motion to dismiss the *Somerville* plaintiffs discuss at length that West Town Bank & Trust was in fact was raising a "co-marketing" defense (despite disclaiming reliance on RESPA's safe harbor in a footnote), and that "co-marketing defense" is indistinguishable from the one raised by Primary Residential in this case. *See Somerville v. West Town Bank & Trust,* Case No. 8:19-cv-00490-PJM, Pls. Memo. In Opp. To Mtn. to Dismiss at 3-9, ECF Dckt. No. 21.  Judge Messitte's opinion denying dismissal of the RESPA claims in *Somerville* is persuasive authority the Court should consider in evaluating Primary Residential's "co-marketing" defense in this case.

In addition, the communications that Judge Messitte relies on in finding the *Somerville* plaintiff's RESPA claims are properly pled are indistinguishable from the Primary Residential communications attached to the Complaint in this case. *Compare Somerville*, 2019 U.S. Dist. LEXIS 200991, at *8- 9 *and* Compl., Exs. 10, 11, 19, 28, 34, ECF Dckt. No. 1

Similarly, Primary Residential tries to distinguish *Somerville* on the basis that West Town Bank & Trust received kickbacks in the form of postage.  Response at 4. This disregards that

4

Plaintiffs in this case allege that the kickbacks Primary Residential received and accepted from All Star were received and accepted in the form of postage for fraudulent direct mail solicitations. *See* Compl., ¶76 and Ex. 14a (postage received and accepted by Primary Residential through Best Rate Referral); ¶102 and Ex. 26(a) (postage received and accepted by Primary Residential through Camber), ECF Dckt. No. 1. There is simply no distinction to be made between the RESPA claims against Primary Residential and those against West Town in *Somerville.*

Also, the *Somerville* plaintiffs alleged that West Town Bank & Trust received kickbacks in the form of payments laundered through third party marketing companies – kickbacks that are indistinguishable from those alleged in this case. Compare *Somerville,* 2019 U.S. Dist. LEXIS 200991 at *9 ("In other instances, Plaintiffs allege, the kickback was laundered through third-party companies, including a marketing services company and an internet-based real estate listing provider, both of which, it may be noted, are named in the Complaint.") *with* Compl., ¶¶52-119, ECF Dckt. No. 1. In fact, All Star laundered kickback payments for Primary Residential through Camber Marketing Group and Best Rate Referral. *See, e.g.* Compl., ¶101 (Camber), ¶53 (Best Rate Referral), ECF Dckt. No.1. All Star used the same marketing companies to launder kickbacks to West Town Bank & Trust. *See Somerville v. West Town Bank & Trust,* 1:19-cv-00490-PJM, ¶154 (Camber), ¶178 (Best Rate Referral), ECF Dckt. No. 1.

Finally, Primary Residential claims that it may distinguish West Town's arguments related to fraudulent concealment tolling because of an "admission by West Town Bank that such concealment is indistinguishable from the type of concealment alleged in *Edmondson v. Eagle National Bankm* 922 F. 3d 535 (4th Cri. 2019)." Response at 3. But Primary Residential misconstrues West Town's position – it was not until oral argument on the motion to dismiss, when faced with questions from the court that West Town admitted that the fraudulent

concealments alleged were indistinguishable from those found legally sufficient by the Fourth Circuit in *Edmondson*. *See Somerville.,* 2019 U.S. Dist. LEXIS 200991 at *5 (citing to "oral argument at 11:40am").[1] Primary Residential fails to disclose that West Town went on at length in its reply trying to draw similar distinctions from *Edmondson* that Primary Residential tries to make in this case. *See Somerville v. West Town Bank & Trust,* Case No. 8:19-cv-00490-PJM, Def. Reply in Support of Mtn. to Dismiss at 3-12., ECF Dckt. No. 22.  The *Somerville* court's unequivocally rejection of these arguments is persuasive authority for this Court to rely on in evaluating those same arguments in this case.

None of the *Somerville* briefing is necessary for the Court to determine if and how Judge Messitte's memorandum opinion applies to this case.  As observed by the Hon. Dennis Howell, U.S.M.J., from the Western District of North Carolina:

> The routine submission of a recent unpublished district court decision [ ] does not open the door to the submission of new briefs on the Motion to Dismiss. This Court would like to think that it is capable of reading the decision [ ] even if the decision is sixty-two pages long, and determining whether the decision has any bearing on the case before this Court.

*Sisk*, 2012 U.S. Dist. LEXIS 49219 at *1-3 (striking response).

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request the motion be granted with an order striking Defendant Primary Residential Mortgage Inc.'s Response to Plaintiffs' Notice of Supplemental Authority, ECF Dckt. No. 15.

[SIGNATURES ON FOLLOWING PAGE]

---

[1] The official transcript of the oral argument has been filed with that court and is available on the court public terminal. *See Somerville v. West Town Bank and Trust,* 8:19-cv-00490-PJM, Notice of Filing Official Tr., ECF Dckt. No. 30.

Dated: December 27, 2019                                    Respectfully submitted,


_____/s/_____                           _____/s/_____
Timothy F. Maloney, Esq. #03381                             Michael Paul Smith, Esq. #23685
Veronica B. Nannis, Esq. #15679                             Melissa L. English, Esq. #19864
Megan A. Benevento, Esq. #19883                             Smith, Gildea & Schmidt, LLC
Joseph, Greenwald & Laake, P.A.                             600 Washington Avenue, Suite 200
6404 Ivy Lane, Suite 400                                    Towson, Maryland 21204
Greenbelt, Maryland 20770                                   (410) 821-0070 / (410) 821-0071 (fax)
(301) 220-2200 / (301) 220-1214 (fax)                       Email: mpsmith@sgs-law.com
Email: tmaloney@jgllaw.com                                  menglish@sgs-law.com
vnannis@jgllaw.com                                          *Counsel for Plaintiffs and Class Members*
mbenevento@jgllaw.com
*Co-Counsel for Plaintiffs and Class Members*